# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAX ZACH CORPORATION ) | Case Number: 3:23-cv-01088-VDO |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| MARKER 17 MARINE, ET Al., ) | |
| ) | |
| *Defendants*. ) | MAY 28, 2024 |

## DEFENDANT, MARKER 17 MARINE'S, ANSWER
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Now comes Defendant Marker 17 Marine ("Marker") and for its answer to the Second Amended Complaint [#35] of Plaintiff Max Zach Corporation ("Plaintiff") states as follows in response to each corresponding paragraph therein:

## NATURE OF CASE

1. Denied; except Marker 17 Marine admits it was retained by Plaintiff to retrofit and repower the Vessel with four Mercury Outboard 400 Motors.

2. Denied.

3. Marker 17 Marine admits the Vessel was modified to specification by Marker 17 Marine and the Vessel was damaged during transportation from Wilmington, North Carolina to Greenwich, Connecticut. Marker 17 Marine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and therefore neither admits nor denies said allegations but calls upon the Plaintiff to prove the same.

4. Denied.

## THE PARTIES

5. Marker 17 Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint and therefore neither admits nor denies said allegations but calls upon the Plaintiff to prove the same.

6. Admitted.

7. Marker 17 Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint and therefore neither admits nor denies said allegations but calls upon the Plaintiff to prove the same.

## JURISDICTION AND VENUE

8. Admitted.

## FACTS COMMON TO ALL CLAIMS

9. Marker 17 Marine denies it entered a Contract with Plaintiff and that the cost of the work was approximately $350,000. As to the remaining allegations of Paragraph 9, Marker 17 Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore neither admits nor denies said allegations but calls upon the Plaintiff to prove the same.

10. Marker 17 Marine admits Premium was retained to transport the Vessel from North Carolina to Connecticut and that the trailer and the truck to transport the Vessel were supplied by Premium. As to the remaining allegations of Paragraph 10, Marker 17 Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore neither admits nor denies said allegations but calls upon the Plaintiff to prove the same.

11. Marker 17 Marine denies it knew or should have known from sight alone, that the trailer was starkly insufficient to safely transport the Vessel across the street let alone across the

East Coast of the United States and that the Vessel overwhelmed the trailer in both size and weight. As to the remaining allegations of Paragraph 11, Marker 17 Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore neither admits nor denies said allegations but calls upon the Plaintiff to prove the same.

12. Denied.

13. Marker 17 Marine denies after the Vessel was loaded on the trailer and attached to the truck, by any objective standard, Marker 17 Marine knew or should have known, that both the trailer and truck were insufficient to transport the Vessel and that it was an accident waiting to happen. As to the remaining allegations of Paragraph 13, Marker 17 Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore neither admits nor denies said allegations but calls upon the Plaintiff to prove the same.

14. Denied.

15. Denied; except Marker 17 Marine admits its vehicle transporting the Vessel was involved in an accident on May 6, 2021.

16. Marker 17 Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore neither admits nor denies said allegations but calls upon the Plaintiff to prove the same.

17. Denied.

## SECOND CLAIM
### (Marker 17 – Breach of Contract)

24. In response to the allegations in Paragraph 24 of the Second Amended Complaint, Marker 17 Marine repeats each of its responses to Paragraphs 1 through 23 as though separately set forth herein.

25. Denied, except, Marker 17 Marine admits it was retained by Plaintiff to retrofit and repower the Vessel with four Mercury Outboard 400 Motors.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

### First Affirmative Defense

Whatever damage Plaintiff has incurred, has already been paid in full.

### Second Affirmative Defense

Marker 17 Marine liability, if any, to the Plaintiff is governed and limited exclusively by the Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. §14706.

### Third Affirmative Defense

In the event the Plaintiff did not have or does not have any title or interest in the Vessel, Marker 17 Marine.

### Fourth Affirmative Defense

If the Vessel referred to in the Second Amended Complaint suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of a third party or parties over whom Marker 17 Marine had no control, and therefore it is not liable.

### Fifth Affirmative Defense

If a contract existed at the time of loss between Plaintiff and Marker 17 Marine, Marker 17 Marine did not contemplate it would be responsible or liable for special or consequential damages such as loss of use, loss of business or revenue, lost profits, lost opportunity,

sentimental value, personal enjoyment, attorney's fees and the like.  To the extent any of the damages sought by the Plaintiff against Marker 17 Marine  in the Second Amended Complaint are special or consequential damages, Marker 17 Marine is not liable.

### Sixth Affirmative Defense

The Plaintiff failed to mitigate its damages and, therefore, it is barred from recovery against Premium.

### Seventh Affirmative Defense

The Plaintiff is estopped by its conduct from recovering anything against Marker 17 Marine.

WHEREFORE, Defendant Marker 17 Marine. prays that the Plaintiff's Second Amended Complaint be dismissed with prejudice, with costs and expenses to Defendant Marker 17 Marine.

THE DEFENDANT,

MARKER 17 MARINE

By /s/ Jonathan P. Ciottone (ct21188)
Jonathan P. Ciottone (ct21188)
**McGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.**
20 Church Street, Suite 780
Hartford, CT  06103
Phone:  (860) 404-3000
Fax:  (860) 244-0390
Email:  jciottone@mklaw.us.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 28, 2024, the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

      /s/ Jonathan P. Ciottone
      Jonathan P. Ciottone (ct21188)
      **McGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.**